1
2
3
4
5
6
7        **IN THE UNITED STATES DISTRICT COURT**
8        **FOR THE DISTRICT OF ARIZONA**
9
10   Jack Whiteside,                              )          CV-07-8128-PHX-MHM (JCG)
                    Petitioner,                   )
11                                                )          **REPORT & RECOMMENDATION**
     vs.                                          )
12                                                )
     Dora Schriro, et al.,                        )
13                                                )
                    Respondents.                  )
14   _____ )

15        Petitioner Jack Whiteside, presently incarcerated at the Arizona State Prison Complex,

16   Meadows Unit, in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant

17   to 28 U.S.C. § 2254.  Pursuant to the Rules of Practice of this Court, this matter was referred

18   to Magistrate Judge Guerin for Report and Recommendation.  Before the Court are the

19   Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Answer to

20   Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 15) and Petitioner's Reply to

21   Respondent's Answer for Writ of Habeas Corpus ("Reply"). (Doc. No. 19.) The Magistrate

22   Judge recommends that the District Court deny the Petition as untimely.

23        **FACTUAL AND PROCEDURAL BACKGROUND**

24   **A.     Petitioner's state court convictions**

25        On January 28, 1992, Petitioner was convicted by jury verdict in the Coconino County

26
27
28

Superior Court on one count of child molestation, a class 2 felony.[1] (Petition, Ex. A.) This conviction arose from an incident that occurred on July 3, 1991, in which Petitioner allegedly molested a six-year old female in the back bedroom of her family trailer, where Petitioner also resided.[2] (*Id*.) On March 30, 1992, the trial court sentenced Petitioner to an aggravated term of 30 years' imprisonment. (Petition, Ex. B.)

Petitioner appealed his conviction, arguing that: (1) the conviction was not supported by sufficient evidence; and (2) the trial court committed reversible error by admitting evidence of prior bad acts involving child molestation. (Petition, Ex. A.) The Court of Appeals concluded that Petitioner's conviction was supported by sufficient evidence, but that the prior bad acts evidence should not have been admitted by the trial court. (*Id*.) The Court of Appeals reversed Petitioner's conviction and sentence. (*Id*.) The Arizona Supreme Court denied the State's petition for review. (Petition, Ex. C.) On October 6, 1993, the Arizona Court of Appeals issued its Order and Mandate and returned the record to the Coconino County Superior Court. (*Id*.)

On October 18, 1993, the State filed a "Motion to Set Trial and Order" based on the Court of Appeals' decision. (Petition, Ex. D.) The motion was granted and the matter was set for trial. (*Id*.) Petitioner filed two motions to dismiss the proceedings: the first argued that a second trial would violate double jeopardy because the prosecutor intentionally introduced legally inadmissible evidence in the first trial; the second argued that Petitioner's speedy trial rights had been violated. (Answer, Exs. A & C.) Both motions were denied and the case proceeded to trial. (Answer, Ex. C.) Petitioner was again convicted by jury on one count of child molestation and on May 22, 1995, Petitioner was sentenced to an aggravated term of 31 years' imprisonment. (Answer, Ex. B.)

Petitioner appealed his second conviction, arguing that the trial court improperly

---

[1] The State did not provide this Court with those portions of the state court record documenting Petitioner's conviction or sentence. Instead, the State cited to other portions of the state court record summarizing the procedural history of this case. *See* Response at pg. 2.

[2] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."

denied his motions to dismiss.  (Answer, Ex. C.)  On April 30, 1996, the Court of Appeals affirmed his conviction and sentence.  (Petition, Ex. E.)  Petitioner filed a motion for reconsideration, which was denied.  (Answer, Ex. F.)  The Arizona Supreme Court denied review on December 6, 1996.  (Answer, Ex. G.)

**B.     Petitioner's First Rule 32 Petition**

Petitioner's appellate counsel filed a petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. ("First Rule 32 Petition") on February 20, 1997, asserting claims for ineffective assistance of counsel.[3]  (Petition, Ex. G; *see also* Answer, Ex. Q.)  The petition was supplemented on June 15, 1997.  (Petition, Ex. G.)  After filing a reply to the Petition on August 16, 1997, Petitioner's counsel filed a motion to allow time to file a supplemental reply, indicating that Petitioner had raised with counsel possible claims of ineffective assistance of appellate counsel which created a potential conflict for appellate counsel.  (*Id.*; *see also* Answer, Ex. H.)  The trial court permitted Petitioner to file a supplemental reply, which Petitioner filed on September 17, 1997.  (Answer, Ex. Q.)  The trial court denied Petitioner's First Rule 32 Petition on January 6, 1998.  (Answer, Ex. I.)  On January 20, 1998, Petitioner filed a petition for review with the Arizona Court of Appeals, which was denied on July 9, 1999.  (Answer, Exs. P & S.)  Petitioner petitioned for review by the Arizona Supreme Court; review was denied on May 23, 2000.[4]  (Petition, Ex. G.)

**C.     Petitioner's First State Habeas Petition**

Shortly after the trial court denied his First Rule 32 Petition, on January 22, 1998,[5] Petitioner filed a pro se "Petition for a Writ of Habeas Corpus" in the Navajo County

---

[3] Respondents were apparently unable to locate copies of the notice or petition from Petitioner's First Rule 32 Proceedings.  The information related to this First 32 Petition stated herein was obtained from other portions of the state court record, such as Petitioner's Petition for Review by the Arizona Supreme Court of the lower courts' denial of his First Rule 32 Petition.

[4] Respondents' Answer incorrectly states that review was denied on May 25, 2000. (Answer, pg. 8.)

[5] The filing dates of Petitioner's *pro se* filings have been calculated based on the date the documents are signed and delivered to prison authorities for mailing, pursuant to the mailbox rule.  *See Houston v. Lack*, 487 U.S. 266 (1988).

3

1    Superior Court ("First State Habeas Petition"). (Answer, Ex. J.) Petitioner amended his First

2    State Habeas Petition on February 2, 1998. (*Id*.) In his First State Habeas Petition, Petitioner

3    argued that the Arizona Court of Appeals reversed his original conviction but did not remand

4    it, and therefore the state trial court was without jurisdiction over Petitioner's second trial and

5    conviction. (*Id*.) On April 8, 1998, the Navajo County Superior Court held a hearing on

6    Petitioner's First State Habeas Petition and concluded that Petitioner was properly

7    incarcerated. (Answer, Ex. K.) Petitioner appealed; the Arizona Court of Appeals affirmed

8    on October 20, 1998. (Answer, Ex. O.)   Petitioner did not seek review by the Arizona

9    Supreme Court.

10   **D.     Petitioner's Second Rule 32 Petition**

11          On May 25, 2001, one year and two days after the Arizona Supreme Court denied

12   review of Petitioner's First Rule 32 Petition, Petitioner filed a second state habeas petition

13   – this time represented by counsel – in Pinal County Superior Court. (Answer, Ex. T.) On

14   June 15, 2001, the trial court construed the second state habeas petition as a petition for post-

15   conviction relief pursuant to Rule 32, Ariz. R. Crim. P. and transferred the matter to the

16   Coconino County Superior Court ("Second Rule 32 Petition"). (Answer, Ex. Y.) Petitioner

17   moved for reconsideration of the Pinal County Superior Court's June 15, 2001 order; that

18   motion was denied on July 23, 2001. (Answer, Ex. HH.) By then, the Coconino County

19   Superior Court had already dismissed Petitioner's Second Rule 32 Petition on July 5, 2001.

20   (Answer, Ex. GG.)

21          On or about August 3, 2001, Petitioner filed a "Notice of Ruling" in the Coconino

22   County Superior Court, stating that the Pinal County Superior Court had denied Petitioner's

23   Motion for Reconsideration of its June 15, 2001 order and that Petitioner intended to file a

24   special action challenging that decision in the Arizona Court of Appeals. (Answer, Ex. II.)

25   Petitioner argued that the Coconino County Superior Court was obligated to withdraw its

26   July 5, 2001 decision dismissing Petitioner's Second Rule 32 Petition until the Pinal County

27   proceedings were final. (*Id*.) On August 7, 2001, the Coconino County Superior Court issued

28

4

1  an order withdrawing its July 5, 2001 decision.[6]  (Answer, Ex. JJ.)

2          Petitioner filed his special action; on October 23, 2001, the Arizona Court of Appeals
3  issued an order stating that it declined to accept jurisdiction over the special action.  (Answer,
4  Ex. NN.)  On November 29, 2001, Petitioner filed another special action in the Arizona
5  Supreme Court.  (Answer, Ex. OO.)  On February 14, 2002, the Arizona Supreme Court
6  declined to accept jurisdiction.  (Petition, Ex. I.)

7  **E.      Petitioner's First Federal Habeas Petition**

8          While he continued to pursue his various state court petitions, Petitioner also initiated
9  proceedings in federal court.  On June 20, 2001, Petitioner filed a counseled Petition for Writ
10 of Habeas Corpus ("First Federal Habeas Petition") in this Court.  (Answer, Ex. AA.)  On
11 or about June 25, 2001, Petitioner moved to stay his First Federal Habeas Petition on the
12 ground that his Second Rule 32 Petition was pending in the Pinal County Superior Court and
13 he had filed his First Federal Habeas Petition only to ensure that his statute of limitations did
14 not expire in federal court.  (Answer, Ex. CC.)  The motion for stay was denied on August
15 23, 2001.  (Answer, Ex. DD.)

16         On October 1, 2001, Petitioner filed a motion to dismiss his First Federal Habeas
17 Petition in light of the state court proceedings pending in Pinal and Coconino County
18 Superior Courts regarding his Second Rule 32 Petition.  (Answer, Ex. FF; see also Petition,
19 Ex. H.)  The motion was granted and the First Rule 32 Proceedings were dismissed without
20 prejudice on October 11, 2001.  (Petition, Ex. H.)

21 **F.      Petitioner's First Direct Special Action in the Arizona Supreme Court**

22         On September 2, 2002, Petitioner filed a *pro se* "Writ of Statutory Special Action and
23 Writ of Habeas Corpus" with the Arizona Supreme Court ("First Direct Special Action").
24 (Petition, Ex. J.)  On October 2, 2002, the Arizona Supreme Court dismissed the petition,
25 found that Petitioner had engaged in abuse of judicial process, and ordered the Clerk of the
26 Court not to accept any further noncompliant motions filed by Petitioner.  (*Id.*)

27 ─────────────

28         [6] On October 19, 2004, the trial court re-affirmed its July 5, 2001 decision.  (Answer, Ex. TT.)

1

**G.      Petitioner's Third Rule 32 Petition**

2       On August 14, 2004, Petitioner filed a petition for writ of habeas corpus in Pinal

3  County Superior Court ("Third Rule 32 Petition"). (Petition, Ex. K.) On November 4, 2004,

4  the Pinal County Superior Court construed the petition as a petition for post-conviction relief

5  pursuant to Rule 32, Ariz. R. Crim. P. and transferred the petition to Coconino County

6  Superior Court. (Answer, Ex. SS.) The Coconino County Superior Court denied Petitioner's

7  Third Rule 32 Petition on December 17, 2004, finding that the issues raised in the Petition

8  had already been ruled on by the court in considering Petitioner's "previous Rule 32

9  Petition." (Petition, Ex. K.)

10

**H.      Petitioner's Second Direct Special Action**

11       On November 7, 2005, Petitioner filed a second *pro se* "Petition for Writ of Habeas

12  Corpus" in the Arizona Supreme Court. (Petition, Ex. L.) In a letter dated November 17,

13  2005, and re-sent to Petitioner on November 25, 2005, the Arizona Supreme Court Clerk of

14  the Court rejected the attempted filing pursuant to the Supreme Court's October 2, 2002

15  order. (*Id*.)

16

**I.      Petitioner's Fourth Rule 32 Petition**

17       On February 23, 2006, Petitioner filed a petition for writ of habeas corpus in the Pinal

18  County Superior Court ("Fourth Rule 32 Petition").  After various transfers between Pinal

19  County and Coconino County Superior Courts, the Coconino County Superior Court

20  eventually construed the petition as a petition for post-conviction relief brought pursuant to

21  Rule 32, Ariz. R. Crim. P.[7] and dismissed it, finding that the claims had already been litigated

22  in previous petitions and were without merit.  (Answer, Ex. II.)

23

**J.      Pending Federal Proceedings**

24       On November 30, 2007, Petitioner filed the pending Petition for Writ of Habeas

25  Corpus ("Second Federal Habeas Petition"). (Doc. No. 1.)   The Second Federal Habeas

26  Petition contains four claims: (1) Petitioner's second trial violated due process because the

27

28
        [7] As evidenced by the order of dismissal, which states "It is further ordered dismissed
defendant's latest Petition for Rule 32 relief (filed as a petition for habeas corpus)."

6

1    Arizona Court of Appeals never remanded after reversing his first conviction, (2) Petitioner

2    was denied effective assistance of trial counsel, (3) Petitioner was denied effective assistance

3    of appellate counsel, and (4) Petitioner's second trial constituted structural error.

**DISCUSSION**

5    **A.    Timeliness of the Petition**

6          Federal petitions for writ of habeas corpus filed by state prisoners are governed by a

7    one-year statute of limitations period. *See* 28 U.S.C. § 2244(d)(1).  The statute of limitations

8    begins to run from the latest of: (1) the date on which the judgment became final by the

9    conclusion of direct review or the expiration of the time for seeking such review; (2) the date

10   on which the impediment to filing an application created by State action in violation of the

11   Constitution or laws of the United States is removed, if the applicant was prevented from

12   filing by such State action; (3) the date on which the constitutional right asserted was initially

13   recognized by the Supreme Court, if the right has been newly recognized by the Supreme

14   Court and made retroactively applicable to cases on collateral review; or (4) the date on

15   which the factual predicate of the claim or claims presented could have been discovered

16   through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

17         Of these possible starting dates, only the first is relevant to the present action.

18   Petitioner does not assert that State action impeded him from timely filing his Petition, nor

19   does Petitioner assert a new right recognized by the Supreme Court that grants retroactive

20   review or that newly-discovered evidence excuses his untimely filing.

21         Petitioner's judgment became final on March 10, 1997, 90 days after Arizona

22   Supreme Court denied Petitioner's petition for review of the trial court's dismissal of his

23   direct appeal on June 24, 1997. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999) (holding

24   that the period within which a petitioner could have sought direct review of his conviction

25   includes the ninety-day period within which petitioner could have filed a petition for a writ

26   of certiorari from the United States Supreme Court).  Under ordinary circumstances, the one

27   year statute of limitations would have began to run on that date.  However, on February 20,

28   1997, before the ninety-day period expired, Petitioner filed his First Rule 32 Petition. When

7

1  a properly filed state post-conviction relief request is pending, the proscribed one year statute
2  of limitations may be tolled.  *See* 28 U.S.C. § 2244(d)(2).  Since Petitioner properly filed his
3  First Rule 32 Petition, the one year statute of limitations was tolled until May 23, 2000, when
4  the Arizona Supreme Court denied review of the lower courts' denial of Petitioner's First
5  Rule 32 Petition.   The statutory period then ran for one year, from May 24, 2000 to May 24,
6  2001, when it expired.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)
7  (calculating the 1-year period using the "anniversary method" of Rule 6(a), Fed. R. Civ. P.).

8          The filing of Petitioner's Second Rule 32 Petition does not affect this Court's
9  conclusion that Petitioner's statute of limitations is expired.  First, it was not filed until May
10  25, 2001, one day after the statute of limitations had expired.  *See Ferguson v. Palmateer*,
11  321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) does not permit the reinitiation of
12  the limitations period that has ended before the state petition was filed).  Second, it was filed
13  as a state habeas petition: a state habeas petition is not a "properly filed" application for post-
14  conviction review under Arizona law, and thus does not toll the limitations period.  *See Nino
15  v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  The second state petition would not have a
16  tolling effect until it was designated as a Rule 32 petition, which did not occur until June 15,
17  2001.  *Id*.  For these same reasons, the various proceedings that Petitioner pursued in state
18  court after May 24, 2001 have no affect on this Court's timeliness analysis.

19          Petitioner did not file the pending federal habeas petition until November 30, 2007,
20  over six years after the statute of limitations period expired.  The petition is untimely.  The
21  fact that Petitioner previously filed his First Federal Habeas Petition in this Court on June 20,
22  2001 does not change this conclusion.  That Petition was also filed after the statute of
23  limitations had expired on May 24, 2001.[8]

24
25
26          [8] To the extent that Petitioner intends to argue, at page 11 of his Petition, that he is
27  entitled to equitable tolling of the statute of limitations because he relied on his attorney in the
   filing of his First Federal Habeas Petition, that argument is without merit.  *See Lawrence v.
28  Florida*, 127 S.Ct. 1079, 1085 (2007) ("attorney miscalculation is simply not sufficient to
   warrant equitable tolling, particularly in the postconviction context where prisoners have no
   constitutional right to counsel.")

8

1    Petitioner presents one argument that appears to challenge when his judgment became
2    "final" for purposes of the statute of limitations.  While it is difficult to understand the
3    argument – presented at page 11 of his Petition and further discussed in his Reply – it appears
4    to be Petitioner's position that following the Arizona Court of Appeals' October 6, 1993
5    order reversing Petitioner's first conviction, the trial court should have issued an order
6    vacating Petitioner's conviction and sentence and ordering his release.   According to
7    Petitioner, because such an order was never issued (instead, the trial court construed the
8    Court of Appeals' decision as a reversal with remand for a new trial and ordered a new trial)
9    the statute of limitations never began to run.  This argument is without merit.  First, 28
10   U.S.C. §2254 permits "application for a writ of habeas corpus on behalf of a person in
11   custody *pursuant to the judgment of a State court* only on the ground that he is in custody in
12   violation of the Constitution or laws or treaties of the United States." (emphasis added).
13   Thus, Petitioner's federal Petition must be limited to constitutional violations related to the
14   current sentence by which Petitioner is held in custody – in this case, his *second* trial and
15   *second* conviction.  The statute of limitations, therefore, is calculated from the date that the
16   second judgment against Petitioner became final.  Regardless of whether a constitutional
17   error occurred in relation to Petitioner's first conviction and sentence, that conviction and
18   sentence was nullified by the Court of Appeals October 6, 1993 decision and Petitioner is not
19   in custody pursuant to that judgment.  Furthermore, to the extent that Petitioner claims that
20   the trial court never,  in response to the October 6, 1993 Court of Appeals decision, issued
21   an order that Petitioner could challenge, Petitioner is incorrect: the trial court issued an order
22   setting a second trial, and ultimately convicted Petitioner a second time.  Petitioner had an
23   opportunity – and in fact availed himself of that opportunity – to challenge these state court
24   decisions.  Accordingly, the Court concludes that the pending Petition is untimely.

25       Equitable tolling may be available even after the statute of limitations period has
26   expired if  "extraordinary circumstances beyond a prisoner's control make it impossible to
27   file a petition on time." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288
28   (9th Cir. 1997), *overruled on other grounds*, *Calderon v. United States Dist. Ct.*, 163 F.3d

9

530 (9th Cir. 1998) (*en banc*).   Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, and is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002), *cert. denied* 527 U.S. 1003 (2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler,* 128 F.3d at 1288).   Petitioner has not argued that he was unable to timely file the pending petition due to extraordinary circumstances beyond his control.

<u>**RECOMMENDATION**</u>

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus (Doc. No. 1).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation.  If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-07-8128-PHX-MHM**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 15th day of July, 2008.


Jennifer C. Guerin
United States Magistrate Judge