IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JACK WHITESIDE, ) | No. CV 07-8128-PHX-MHM (JCG) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| DORA SCHRIRO, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |

Petitioner Jack Whiteside**,** *pro se*, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 30, 2007. (Dkt. # 1). The matter was referred to United States Magistrate Judge Jennifer C. Guerin**,** who issued a Report and Recommendation on July 15, 2008, recommending that the Court deny Mr. Whiteside's Petition for Writ of Habeas Corpus as untimely. (Dkt. #21). Petitioner filed an objection to the Report and Recommendation on July 24, 2008. (Dkt. #22). Petitioner also filed a Notice of Supplemental Citation. (Dkt. #23).

**I.    BACKGROUND**

The facts in this case, as related by the Magistrate Judge, are undisputed. On January 28, 1992, Petitioner was convicted by jury verdict in the Coconino County Superior Court on one count of child molestation and sentenced to an aggravated term of 30 years' imprisonment. (Petition, Ex. A). The Court of Appeals reversed Petitioner's conviction and the sentence imposed, finding that the Superior Court improperly admitted

1  prior bad acts evidence involving child molestation; the Order and Mandate was issued,
2  and the record returned to the Clerk of the Superior Court, on October 6, 1993.  (Id).

3        As a result, the State filed a "Motion to Set Trial and Order" based on the Court of
4  Appeals' decision; it was granted by the Superior Court on October 20, 1993.  (Id., Ex.
5  D).  Although he filed motions to dismiss based on alleged violations of double jeopardy
6  and the right to a speedy trial, those motions were denied and Petitioner was again
7  convicted by jury on one count of child molestation; he was sentenced to an aggravated
8  term of 31 years' imprisonment on May 22, 1995.  (Answer, Ex. B).  Petitioner appealed
9  his second conviction, arguing that the trial court improperly denied his motions to
10 dismiss (Answer, Ex. C); the Court of Appeals affirmed his conviction and sentence on
11 April 30, 1996, and the Arizona Supreme Court then denied review on December 6, 1996.
12 (Answer, Ex. G; Petition, Ex. E).

13       Petitioner's appellate counsel filed a petition for post-conviction relief pursuant to
14 Rule 32 of the Arizona Rules of Criminal Procedure ("Rule 32 Petition") on February 20,
15 1997, asserting claims of ineffective assistance of counsel.  (Petition, Ex. G; Answer, Ex.
16 Q).  The Petition was supplemented on June 15, 1997, and the trial court permitted
17 Petitioner to file a supplemental reply on September 17, 1997.  (Id.).  The trial court
18 subsequently denied Petitioner's Rule 32 Petition on January 20, 1998 (Answer, Ex. I);
19 the Arizona Court of Appeals denied Petitioner's petition for review on July 9, 1999 (Id.,
20 Ex. P & S); the Arizona Supreme Court denied the petition on May 23, 2000 (Petition,
21 Ex. G).

22       In addition, on January 22, 1998, while his Rule 32 Petition was pending before
23 the Court of Appeals, Petitioner filed a pro se "Petition for a Writ of Habeas Corpus" in
24 the Navajo County Superior Court ("State Habeas Petition"); it was amended on February
25 2, 1999.  (Answer, Ex. J).  Petitioner argued that the trial court lacked jurisdiction over
26 his second trial because the Arizona Court of Appeals' October 6, 1993 Order and
27 Mandate only reversed Petitioner's original conviction and did not remand the matter
28 back to the trial court.  (Answer, Ex. Y).  The Navajo County Superior Court held a

1  hearing on Petitioner's State Habeas Petition and concluded that Petitioner was properly
2  incarcerated. (Id., Ex. K). The Arizona Court of Appeals affirmed on October 20, 1998.
3  (Id., Ex. O).

4  Represented by counsel, Petitioner filed a second state habeas petition in Pinal
5  County Superior Court on May 25, 2001, one year and two days after the Arizona
6  Supreme Court denied review of Petitioner's first Rule 32 Petition. (Answer, Ex. T). On
7  June 15, 2001, the trial court construed the second state habeas petition as a second Rule
8  32 Petition and transferred the matter to the Coconino County Superior Court. (Id., Ex.
9  Y). Petitioner moved for reconsideration, which was denied on July 23, 2001 (Id., Ex.
10 HH); however, the Coconino County Superior Court had already dismissed Petitioner's
11 Second Rule 32 Petition (Id., Ex. GG). Because Petitioner filed a "Notice of Ruling,"
12 stating that he was going to file a special action challenging the denial of his Motion for
13 Reconsideration, the Coconino County Superior Court withdrew its July 5, 2001 decision
14 (and reaffirmed the decision on October 19, 2004). (Id., Ex. JJ & TT). Both the Arizona
15 Court of Appeals and the Arizona Supreme Court declined to accept jurisdiction over the
16 special action. (Answer, Ex. NN; Petition, Ex. I).

17 While pursuing his various state court petitions, Petitioner filed a Petition for Writ
18 of Habeas Corpus in this Court on June 20, 2001. (Answer, Ex. AA). The Petition was
19 dismissed without prejudice on October 11, 2001 in light of the state court proceedings
20 pending in the Pinal and Coconino County Superior Courts. (Id., Ex. FF; Petition Ex. H).

21 Petitioner filed a pro se "Writ of Statutory Special Action and Writ of Habeas
22 Corpus" directly with the Arizona Supreme Court on September 2, 2002. (Petition, Ex.
23 J). The Supreme Court dismissed the petition on October 2, 2002, finding that Petitioner
24 had abused the judicial process; the Court ordered the Clerk of the Court to not accept any
25 further noncompliant motions filed by Petitioner. (Id.).

26 On August 14, 2004, Petitioner filed another Petition for Writ of Habeas Corpus in
27 Pinal County Superior Court , which the Court construed as a third Rule 32 Petition and
28 transferred to Coconino County Superior Court. (Answer, Ex. SS). The Superior Court

1 denied the Petition on December 17, 2004, finding that the issues raised in the Petition
2 had already been ruled on by the court in considering Petitioner's previous Rule 32
3 Petition. (Petition, Ex. K).

4     On November 7, 2005, Petitioner filed a second pro se "Petition for Writ of
5 Habeas Corpus" in the Arizona Supreme Court, which the Arizona Supreme Court Clerk
6 rejected pursuant to the Supreme Court's October 2, 2002 order. (Petition, Ex. L).

7     Petitioner filed another Petition for Writ of Habeas Corpus in the Pinal County
8 Superior Court on February 23, 2006. (Answer, Ex. II). The Petition was eventually
9 transferred to the Coconino County Superior Court, where the Court construed it as a
10 fourth Rule 32 Petition for post-conviction relief and dismissed on the grounds that
11 Petitioner's claims had already been litigated in his previous petitions and were without
12 merit. (Id.).

13     The instant Petition for Writ of Habeas Corpus was filed in this Court on
14 November 30, 2007. (Dkt. #1). The Petition asserts four claims: (1) Petitioner's second
15 trial violated due process because the Arizona Court of Appeals never remanded after
16 reversing his first conviction; (2) Petition was denied effective assistance of trial counsel;
17 (3) Petition was denied effective assistance of appellate counsel; (4) Petitioner's second
18 trial constituted structural error. (Dkt. #21, pp.6-7).

19 **II.     STANDARD OF REVIEW**

20     A district court must review *de novo* the legal analysis in a Magistrate Judge's
21 Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). A district court must also
22 review *de novo* the factual analysis in the Report and Recommendation for those facts to
23 which objections are filed. See id. ("A judge of the court shall make a *de novo*
24 determination of those portions of the report or specified proposed findings or
25 recommendations to which objection is made."); see also United States v. Reyna-Tapia,
26 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "Failure to object to a magistrate judge's
27 recommendation waives all objections to the judge's findings of fact." Jones v. Wood,
28 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

- 4 -

## III.  DISCUSSION

As Magistrate Judge Guerin set forth in her Report and Recommendation, federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period.  28 U.S.C. § 2244(d)(1).  For purposes of this action, the statute of limitations began to run from the date on which Petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking review.  Id.; (Dkt. #21, p.7).  That date was March 10, 1997, 90 days after the Arizona Supreme Court denied Petitioner's petition for review of the trial court's dismissal of his direct appeal on December 6, 1996.  (Dkt. #21, pp. 2-3, 7); see Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) (statute of limitations does not begin to run until close of ninety-day period within which petitioner could have filed a petition for writ of certiorari from the United States Supreme Court).

However, when a properly filed state post-conviction relief request is pending, the proscribed one-year statute of limitations may be tolled.  28 U.S.C. § 2244(d)(2).  Here, Petitioner filed his first Rule 32 Petition on February 20, 1997.  As such, the one-year statute of limitations was tolled until May 23, 2000, when the Arizona Supreme Court denied review of Petitioner's first Rule 32 Petition.  The statutory period then ran for one year, from May 24, 2000 to May 24, 2001.  (Dkt. #21, p.8).

Petitioner's subsequent Rule 32 Petitions do not affect the limitations period as they were filed after the close of the statutory period on May 24, 2001.  (Dkt. #21, p.8).  In addition, because Petitioner's subsequent Rule 32 Petitions were improperly filed as state habeas petitions, they did not constitute "proper use of state court procedures" for post-conviction review under Arizona law, and thus did not have a tolling effect until they were designated as Rule 32 petitions.  Id.; see Ninvo V. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) ("[T]he AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, *through proper use of state court procedures*, to exhaust state court remedies with regard to a particular post-conviction application.'") (quoting Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999)) (emphasis added).

1    Petitioner did not file the instant federal habeas petition until November 30, 2007,
2 more than six years after the statute of limitations period expired. Thus, as the Magistrate
3 Judge correctly concluded, the petition is untimely. (Dkt. #21, p.8).

4    Petitioner raises one objection, arguing that the limitations period remains open
5 because the Arizona Court of Appeal's October 6, 1993 reversal of his original conviction
6 never became final. (Dkt. #22). Petitioner argues that the Court of Appeal's October 6,
7 1993 Order and Mandate "technically remains in effect," and so the trial court lacked
8 jurisdiction to preside over Petitioner's second trial and conviction, because the Mandate
9 only required reversal of Petitioner's 1992 conviction but did not remand the matter to the
10 trial court for a new trial. (Id., p.5). Thus, Petitioner contends that the limitations period
11 under 28 U.S.C. § 2244(d)(1) never began to run because the Court of Appeals' October
12 6, 1993 judgement never became final.

13    First, Magistrate Judge Guerin already addressed this issue in her Report and
14 Recommendation, stating that Petitioner's argument was "without merit" because
15 "Petitioner's federal Petition must be limited to constitutional violations related to the
16 current sentence by which Petitioner is held in custody – in this case, his *second* trial and
17 *second* conviction." (Dkt. #21, p.9) (emphasis in original). As such, the statute of
18 limitations is calculated from the date that the second judgment against Petitioner became
19 final. (Id.). Further, "[r]egardless of whether a constitutional error occurred in relation to
20 Petitioner's first conviction and sentence, that conviction and sentence was nullified by
21 the Court of Appeals' October 6, 1993 decision and Petitioner is not in custody pursuant
22 to that judgment." (Id.).

23    Second, in support of his objection, Petitioner cites primarily to Owen v. Shores,
24 24 Ariz. App. 250, 253 (1975) and Brock v. Weston, 31 F.3d 887, 890 (9th Cir. 1994). In
25 addition, Petitioner contends that "extraordinary circumstances dictate that filing was
26 delayed by actions of the state and its procedural requirements specific to this case, which
27 are beyond Petitioner's control." (Id., p.9). But Owen and Brock are inapposite. See
28 Owen, 24 Ariz. App. at 254 (finding that cause of action for malicious prosecution does

- 6 -

1  not accrue until underlying prosecution terminated in favor of defendant, accomplished
2  by issuance of appellate court mandate reversing defendant's conviction); Brock, 31 F.3d
3  at (holding that petitioner could challenge expired conviction that was "necessary
4  predicate" to subsequent civil commitment under Washington's Sexually Violent
5  Predators Act). Petitioner also quotes from Lowery v. Young, 887 F.2d 1309, 1312 (7th
6  Cir. 1989), in which the Seventh Circuit found that a constitutional challenge to an
7  enhanced sentence requires a showing that there is a "positive and demonstrable nexus"
8  between petitioner's prior conviction and his current custody. However, that case is also
9  inapplicable; this case does not involve a challenge to an enhanced sentence. Those
10 citations might derive from the fact that Petitioner appears to argue that his current
11 custody is based on his prior, reversed conviction since he argues that his second trial and
12 conviction is invalid because the Court of Appeals' 1993 Mandate was never fully
13 enforced. Regardless, the Court fails to see how that excuses Petitioner's untimeliness in
14 bringing the instant Petition for Writ of Habeas Corpus.

15  Lastly, Petitioner states that "extraordinary circumstances dictate that filing was
16 delayed by actions of the State and its procedural requirements specific to this case,
17 which are beyond Petitioner's control." (Dkt. #22, p.9). However, Petitioner makes no
18 attempt to explain why he believes that the State's procedural requirements caused a six-
19 year delay in his filing of the instant federal Petition. Nonetheless, Petitioner has
20 consistently filed actions challenging his second conviction in state court, as well as an
21 initial Petition for Writ of Habeas Corpus in this Court; he has also been intermittently
22 represented by counsel (and was represented toward the end of the limitations period as
23 his counsel at that time filed a habeas petition in state court on May 25, 2001).
24 Importantly, miscalculation of the limitations period does not constitute extraordinary
25 circumstances sufficient to warrant equitable tolling. See generally, Miranda v. Castro,
26 292 F.3d 1063, 1067 (9th Cir. 2002) (discussing case law on equitable tolling and
27 attorney error and miscalculation). The Court agrees with the Magistrate Judge's report
28

1  and finds that Petitioner's Petition for Writ of Habeas Corpus is untimely and equitable
2  tolling is not available in this case.
3      **Accordingly,**
4      **IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and
5  Recommendation. (Dkt. #21).
6      **IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas
7  Corpus is DENIED. (Dkt. #1).
8      **IT IS FURTHERED ORDERED** directing the Clerk of the Court to enter
9  judgment accordingly.
10     DATED this 9th day of January, 2009.

_____
Mary H. Murguia
United States District Judge